Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

Mitchell G Varnado

_____
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

The Lynd Management Group

_____
Defendant(s)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)

Case No. **25-01718**
(to be filled in by the Clerk's Office)

**SECT. MAG. 3**

Jury Trial: (check one) ☒ Yes ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Mitchell G Varnado |
| Street Address | 12345 I-10 Service Rd. Apt 2016 |
| City and County | New Orleans La. 70128 |
| State and Zip Code | Louisiana 70128 |
| Telephone Number | 504-920-4843 |
| E-mail Address | mitchellgvarnado1956@gmail.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Page 1 of 6

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

Name THE LYND MANAGEMENT GROUP

Job or Title *(if known)* LEASING Company & PROPERTY MANAGE MENT Co,

Street Address 4499 POND HILL RD

City and County SAN ANTONIO.

State and Zip Code TEXAS, 78231

Telephone Number 210-733-6125

E-mail Address *(if known)* THE LyndGroup.Com

Defendant No. 2

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 3

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 4

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

Name        *LYND MANAGEMENT GROUP LEASING COMPANY*

Street Address    *4499 POND HILL RD*

City and County    *SAN ANTONIO*

State and Zip Code    *TEXAS, 78231*

Telephone Number    *210-733-6125*

*CORPORATE HEADQUARTERS ADDRESS*
*8000 IH-10*
*WEST STE 1200 SAN ANTONIO, TX. 78230*

### II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑ Other federal law *(specify the federal law)*:
*HOUSING DISCRIMINATION*

☑ Relevant state law *(specify, if known)*:
*HOUSING DISCRIMINATION*

☑ Relevant city or county law *(specify, if known)*:
*HOUSING DISCRIMINATION*

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- [ ] Failure to hire me.
- [x] Termination of my employment.
- [ ] Failure to promote me.
- [ ] Failure to accommodate my disability.
- [x] Unequal terms and conditions of my employment.
- [x] Retaliation.
- [ ] Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

_____

C.    I believe that defendant(s) *(check one)*:    UP UNTIL MARCH 19, 2025
- [ ] is/are still committing these acts against me.    RETALIATING ACTS
- [ ] is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- [ ] race _____
- [ ] color _____
- [ ] gender/sex _____
- [ ] religion _____
- [ ] national origin _____
- [ ] age *(year of birth)* _____    *(only when asserting a claim of age discrimination.)*
- [ ] disability or perceived disability *(specify disability)*

_____

E.    The facts of my case are as follows. Attach additional pages if needed.

I WAS DENIED HOUSING IN Aug 2023, SAYING I FAILED BACKGROUND CHECK, ONLY TO FIND OUT 2 MONTHS LATER I PASSED THE BACKGROUND CK. THE PROPERTY MANG. BECAME VERY UPSET WHEN I RECIEVED PERMISSION FROM THE OWNER TO LIVE THERE AT THE

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

CARMEL BROOK APTS, HE BEGAN TO
RETALIATE, IT ALL ENDED WITH BEING
TERMINATED WITH A BUNCH OF LIES &
CHANGING A VERBLE WARNING INTO A WRITE UP
AND SOME HOW

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter.

☑    issued a Notice of Right to Sue letter, which I received on *(date)* MAY 20TH 2025

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐    60 days or more have elapsed.

☐    less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

Signature of Plaintiff _____

Printed Name of Plaintiff  MITCHELL G VARNADO

### B.    For Attorneys

Date of signing:  Aug 18th 2025

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Street Address _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MITCHELL G. VARNADO

Plaintiff,

v.

LYND MANAGEMENT GROUP, LLC

and DERRICK WILLIAMS, individually

Defendants.

Civil Action No.: _____

Jury Trial Demanded

COMPLAINT

I. Jurisdiction and Venue

This action is brought under Title VII of the Civil Rights Act of 1964, as amended, and under 42 U.S.C. § 1981 and § 1983, as applicable.

Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343 (federal question jurisdiction).

Venue is proper in the Eastern District of Louisiana because the events giving rise to these claims occurred in New Orleans, Louisiana.

## II. Parties

Plaintiff, Mitchell G. Varnado, is a resident of Orleans Parish, Louisiana, and was employed by Defendant Lynd Management Group until his wrongful termination.

Defendant Lynd Management Group, LLC is an employer engaged in commerce, doing business in Louisiana.

Defendant Derrick Williams was Plaintiff's property manager and, at all relevant times, acted as an agent of Lynd Management Group.

## III. Exhaustion of Administrative Remedies

Plaintiff filed a timely charge of discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC) on or about August 6, 2024.

Plaintiff received a Notice of Right to Sue from the EEOC on May 20, 2025, and files this action within the 90-day statutory period.

## IV. Statement of Facts

On September 1, 2023, Plaintiff was approved by ownership to move into Carmel Brook Apartments. Shortly thereafter, Defendant Derrick Williams confronted Plaintiff aggressively, making retaliatory remarks about Plaintiff obtaining approval after being previously denied by management.

On December 28, 2023, Derrick Williams served Plaintiff with a notice to vacate—less than four months after moving in—demonstrating retaliatory animus.

From December 29, 2023 through January 2, 2024, Plaintiff worked during a major sewage backup crisis, monitoring pumps throughout the holiday weekend without pay. Derrick Williams refused to submit Plaintiff's time to payroll, citing retaliation for Plaintiff's move-in approval. Plaintiff's pay was only later corrected after HR intervention.

On February 26, 2024, Plaintiff was given a verbal warning in the presence of Glenn Howard and Raven Rink. No written document was presented, and neither Plaintiff nor Mr. Howard signed anything, because the warning was verbal only. Later, Defendants converted this verbal warning into a falsified written disciplinary write-up, bearing forged signatures of both Plaintiff and Mr. Howard.

On March 6, 2024, Derrick Williams falsely accused Plaintiff of misconduct at Apartment 909. In truth, Plaintiff was in the leasing office completing required training, as confirmed by WhatsApp records and login data. A notice of nonpayment of rent was posted on Apartment 909 that same day, showing Plaintiff could not have been present as accused.

On March 11, 2024, Plaintiff was presented with a termination write-up falsely accusing him of theft at Apartment 909. Both Plaintiff and Glenn Howard refused to sign the document.

Despite this, Lynd Management Group later submitted a forged disciplinary write-up to the EEOC as part of its defense, with falsified signatures of Plaintiff and Howard.

On April 25, 2024, HR Director Viola Martin issued a directive requiring Plaintiff to handle tenant matters only through Assistant Property Manager Ms. Keryi Angular.

In November 2024, while Ms. Angular was on vacation, leasing office staff misled Plaintiff about her availability, and on November 5, 2024, Derrick Williams filed a retaliatory eviction against Plaintiff despite his active attempts to pay rent. This violated HR's directive and constituted further retaliation.

## V. Claims for Relief

### Count I – Retaliation (Title VII, 42 U.S.C. § 2000e-3)

18. Defendants retaliated against Plaintiff for engaging in protected activity, including asserting housing rights approved by ownership and opposing unlawful employment practices.

### Count II – Wrongful Termination

19. Defendants wrongfully terminated Plaintiff on the basis of retaliation and fabricated misconduct, causing lost wages, benefits, and future opportunities.

### Count III – Forgery and Submission of False Evidence

20. Defendants knowingly created and submitted a forged disciplinary write-up to the EEOC in bad faith, constituting fraud and further retaliation.

### Count IV – Hostile Work Environment and Harassment

21. Defendants, particularly Derrick Williams, subjected Plaintiff to harassment, intimidation, and disparate treatment, creating intolerable working conditions.

## VI. Damages Requested

Plaintiff seeks the following relief:

Back pay and lost benefits from date of termination to present;

Reinstatement or, in the alternative, front pay;

Compensation for emotional distress, humiliation, and reputational harm;

Punitive damages against Defendants for willful and malicious conduct;

Costs of suit and reasonable attorney's fees;

Any further relief the Court deems just and proper.

VII. Jury Demand

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

Mitchell G. Varnado

(Pro Se Plaintiff)

12345 I-10 Service Rd Apt.2016

New Orleans, LA 70128

504-290-4843

Mitchellgvarnado1956@gmail.com