UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MITCHELL G. VARNADO | CIVIL ACTION |
| VERSUS | NO. 25-1718 |
| LYND MANAGEMENT GROUP ET AL. | SECTION "L" (3) |

## REPORT AND RECOMMENDATION

Defendant Derrick Williams has filed a Motion to Dismiss (R. Doc. 28) pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. *Pro se* Plaintiff Mitchell G. Varnado opposes the motion.[1]

## I.    Standard of Law

Rule 12(b)(5) concerns the adequacy of service. "A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process. The party making service has the burden of demonstrating its validity when an objection to service is made." *Holly v. Metropolitan Transit Authority*, 213 F. App'x 343, 344 (5th Cir. 2007); *accord Calhoun v. City of Houston Police Department*, No. 20-20311, 2021 WL 1326703, at *2 (5th Cir. Apr. 8, 2021). A federal district court "enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Department of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986).

---

[1] R. Doc. 29.

1

## II.   Analysis

William argues that Plaintiff failed to effectuate service upon Williams under Rule 4.[2] Plaintiff reportedly served Williams with a complaint that was missing several pages and therefore did not make proper service within ninety days of filing the complaint. *See* Fed. R. Civ. P. 4(m), 4(c)(1) ("A summons must be served with a copy of the complaint.").

The undersigned declines, however, to recommend dismissal given that plaintiff is a *pro se* litigant and has made some effort at service. As one court has observed:

> Although a plaintiff's *pro se* status is not a license to ignore the Federal Rules of Civil Procedure, *pro se* litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process. Consistent with that principle, courts often decline to dismiss a *pro se* plaintiff's case for defective service without first affording the plaintiff the opportunity to correct any errors he or she may have made.

*Johnson-Richardson v. University of Phoenix*, 334 F.R.D. 349, 357 (D.D.C. 2020) (citations, quotations, and ellipsis omitted); *accord Lee v. Deutsche Bank National Trust Co.*, Civ. Action No. 18-2887, 2019 WL 1057015, at *3 (E.D. La. Mar. 6, 2019) (allowing an additional opportunity to effect proper service "given the Fifth Circuit's policy of leniency towards *pro se* plaintiffs"). Accordingly, even if a Rule 12(b)(5) dismissal would be otherwise appropriate, the undersigned would first allow Plaintiff an opportunity to correct any service defects before recommending dismissal of his

---

[2] R. Doc. 28-1 at 3–5.

claims pursuant to Rule 12(b)(5). *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court [must] order that service be made within a specified time.").

<u>**RECOMMENDATION**</u>

It is therefore **RECOMMENDED** that the Motion to Dismiss (R. Doc. 28) be **DENIED.**

It is further **RECOMMENDED** that Plaintiff is allowed 90 days from the issuance of the District Judge's order to make proper service of his original and amended complaints.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) *superseded by statute on other grounds.*

New Orleans, Louisiana, this 24th day of March, 2026.

_____

EVA J. DOSSIER

UNITED STATES MAGISTRATE JUDGE

3